UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUPE PENA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-12-2588 |
| | § | |
| AMERICAN RESIDENTIAL SERVICES, LLC | § | |
| AND LIBERTY MUTUAL INSURANCE COMPANY | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is Defendant Liberty Mutual Fire Insurance Company's ("Liberty Mutual") motion to dismiss. Dkt. 11. Upon consideration of the motion and the applicable law, the motion is GRANTED. Plaintiff's claims against Liberty Mutual are DISMISSED.

**BACKGROUND**

In 2010, plaintiff Lupe Pena made a home warranty claim to repair a water leak coming from the air conditioning unit in his home. Dkt. 1, Ex. A. Plaintiff hired Defendant American Residential Services, LLC ("ARS") to complete the repairs. *Id.* ARS made several repairs until the leaking stopped. *Id.* However, Pena's home had been damaged, allegedly by faulty repairs during at least one of ARS's early repair attempts. *Id.*

Defendant ARS referred plaintiff's claim for damages to their insurance carrier, Liberty Mutual. *Id.* But after failed negotiations, Pena sued ARS and Liberty Mutual in the 240th Judicial District Court of Fort Bend County, Texas, claiming violations of the Texas Deceptive Trade Practices Act, the Texas Insurance Code, common law fraud, and negligence, all in connection with the failed negotiations incident to Liberty Mutual's adjustment of Pena's claim. Dkt. 1, Ex. A.

Specifically against Liberty Mutual, Pena alleged that Liberty Mutual negotiated with them in bad faith until it determined that plaintiff's claims were outside of the limitations period for the claims and then cut off all further negotiations. *Id.*

Liberty Mutual removed this case to federal court on the basis of diversity jurisdiction, and now moves the Court to dismiss pursuant to Rule 12(b)(6). Dkt. 11.

## LEGAL STANDARDS

1. **Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6); *Aschroft v. Iqbal*, 566 U.S. 662, 677-78, 129 S. Ct. 1937 (2009). In considering 12(b)(6) motions, courts accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Except in certain situations not present here, the court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). In order to survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, 127 S. Ct. 1955 (2007).

2. **Texas Direct Action Rule**

The Fifth Circuit has regarded the availability of a direct action against an insurer as a question of substantive law that requires a court sitting in diversity jurisdiction to apply state law. *Nelms v. State Farm Mut. Auto. Ins. Co.,* 463 F.2d 1190, 1191 (5th Cir. 1972) (per curiam) (citing *Erie Ry. Co. v. Tompkins,* 304 U.S. 64, 58 S. Ct. 817 (1938)). In Texas, a liability insurance company, in absence of a statute or an express provision of the insurance contract, cannot be sued

directly in a tort suit with or without the joinder of the insured.  *Russell v. Hartford Cas. Ins. Co.,* 548 S.W.2d 737, 740 (Tex.App.–Austin 1977, writ refused n.r.e.).  Texas law bars a plaintiff from bringing a tort suit directly against the tortfeasor's insurance company unless: (1) the insurance company is by statute or contract directly liable to the person injured or damaged; or (2) the tortfeasor's liability has been finally determined by agreement or judgment.  *See* Tex. R. Civ. P. 38(c), 51(b); *Angus Chem. Co. v. IMC Fertilizer, Inc.,* 939 S.W.2d 138, 138 (Tex. 1997) (per curiam).  A third-party tort claimant in Texas also has no direct cause of action for extra-contractual liability against a liability insurer at common law, under the Texas Deceptive Trade Practices-Consumer Protection Act, or under the Texas Insurance Code.  *Jones v. CGU Ins. Co.,* 78 S.W.3d 626, 629 (Tex.App.–Austin 2002, no pet.) (citing *Allstate Ins. Co v. Watson,* 876 S.W.2d 145, 149 (Tex. 1994).  Further, "Texas law 'has never recognized a cause of action for breach of the duty of good faith and fair dealing where the insurer fails to settle third-party claims against its insured.'" *Jones*, 78 S.W.3d at 629 (quoting *Texas Farmers Ins. Co v. Soriano,* 881 S.W.2d 312, 317 (Tex. 1994)).

## Analysis

Defendant Liberty Mutual argues that it is not Pena's insurer.  Dkt. 11.  Rather it is the liability carrier for ARS, the vendor who performed the repair work on the air conditioning unit at Pena's home.  *Id.*  Liberty Mutual contends that as a third-party to the insurance contract between ARS and Liberty Mutual, Pena has no standing to bring a cause of action against them.  Dkt. 11. Further, Liberty Mutual argues that the petition fails to include any factual allegations that would indicate any plausible right to relief against Liberty Mutual.  *Id.*  Pena has not responded to Liberty Mutual's motion to dismiss.

In this instance, Pena has not pled any of the exceptions which would allow him to circumvent Texas Rule of Civil Procedure 51(b).  Looking at the face of the complaint, Pena has not alleged that Liberty Mutual is by statute or contract directly liable to Pena.  Nor has Pena alleged that there is a valid judgment against ARS which would allow Pena to pursue the judgment against Liberty Mutual.  Accordingly, Pena's claims against Liberty Mutual fail as a matter of law.

## CONCLUSION

Pending before the court is Defendant Liberty Mutual's motion to dismiss. Dkt. 11. Defendant's motion to dismiss is GRANTED. Plaintiffs claims against Liberty Mutual are DISMISSED WITH PREJUDICE.

It is so ORDERED.

Signed at Houston, Texas on February 7, 2013.

_____
Gray H. Miller
United States District Judge