UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LUPE PENA, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-12-2588 |
| § | |
| AMERICAN RESIDENTIAL SERVICES, LLC, § | |
| § | |
| *Defendant*. § | |

**ORDER**

Pending before the court is defendant American Residential Services' ("ARS") motion for summary judgment. Dkt. 22. After considering the motion, the response, the summary judgment record, and the applicable law, the motion is GRANTED.

**I. BACKGROUND**

Plaintiff Lupe Pena ("Pena") hired ARS on May 20, 2010, to repair a leaking air conditioner in his home. Dkt. 4 at 3; Ex. A at 12. Though ARS said the repairs were complete, Pena discovered the unit was still leaking. Dkt. 4 at 3. Pena requested subsequent repairs—twice in June and once in July—that failed to remedy the problem. *Id.* On September 20, 2010, an ARS technician determined that faulty repair work by a plumbing specialist was the issue; the company corrected the faulty work the next day, fixing the leak. *Id.*; Ex. A at 6. Pena claims that the unsuccessful repairs resulted in water damage throughout his home, as well as a mold infestation. Dkt. 4 at 3; Dkt. 23 at 3.

On July 27, 2012, Pena sued ARS for negligence under Texas law, asserting that ARS breached its duty to Pena to effectively repair the air conditioner, and seeking to recover economic

and actual damages, multiple damages, and attorney's fees. Dkt. 4 at 5–6.[1] ARS moved for summary judgment, contending that the statute of limitations on Pena's claim has run, and Pena is therefore barred from seeking recovery against the company. Dkt. 22.

## II. LEGAL STANDARDS

### 1. Standard of Review

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the [nonmovant], there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in favor of the nonmovant. *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008). The moving party

---

[1] Pena also filed claims against ARS's insurance provider Liberty Mutual Insurance Company ("Liberty Mutual") under the Texas Deceptive Trade Practices-Consumer Protection Act and common law fraud principles. Dkt. 4 at 4. The court granted Liberty Mutual's 12(b)(6) motion and dismissed those claims because, as a third party to the insurance contract between ARS and Liberty Mutual, Pena had no direct cause of action, and therefore no standing, to sue Liberty Mutual under Texas law. Dkt. 20.

2

bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is such an issue. *Id.* at 322. If the moving party fails to meet this burden, then it is not entitled to a summary judgment and no defense to the motion is required. *Id.* Otherwise, to prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. 574 at 587 (quoting Fed. R. Civ. P. 56(e)).

### 2. Statute of Limitations

In Texas, negligence claims must be brought within two years of the date that the cause of action accrues. TEX. CIV. PRAC. & REM. CODE § 16.003(a). Accrual occurs when "'a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred.'" *TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 355 (5th Cir. 2008) (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)). "An unsuccessful effort to make repairs does not toll the statute of limitations for purposes of determining when a cause of action accrued." *Dean v. Frank W. Neal & Assocs., Inc.*, 166 S.W.3d 352 (Tex. App.—Fort Worth 2005, no pet.); *see also Clade v. Larsen*, 838 S.W.2d 277 (Tex. App.—Dallas 1992, writ. denied) (noting that remedial performance, such as structural repairs, do not toll the statute of limitations in a negligence case). "The question of when a cause of action accrues is a matter of law for the court to decide." *Id.* (citing *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566-67 (Tex. 2001)).

An exception to the statute of limitations in Texas is the continuing torts doctrine. *McFarland v. Grounds*, No. 12-50881, 2013 WL 657767, at *1 (5th Cir. Feb. 22, 2013). A continuing tort occurs when "the wrongful conduct continues to effect additional injury to the plaintiff until that conduct

stops." *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 451 (5th Cir. 2007) (citing *Upjohn Co. v. Freeman*, 885 S.W.2d 538, 542 (Tex. App.—Dallas 1994, writ denied)). The Texas Supreme Court has not endorsed or addressed this doctrine, though state courts have recognized it as tolling limitations "until the last act of intentional infliction occurs." *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 n.8 (Tex. 2005) (not reaching the lower court's application of the continuing tort doctrine, and generally noting that it had yet to consider the doctrine). The doctrine is "rooted in a plaintiff's inability to know ongoing conduct is causing her injury; thus, the rationale for the doctrine no longer applies if the claimant has discovered her injury and its cause and the statute [of limitations] commences to run upon discovery." *Markwardt v. Tex. Indus., Inc.*, 325 S.W.3d 876, 894 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

Texas courts have applied the continuing torts doctrine in cases of temporary nuisance, trespass, conversion, intentional infliction of emotional distress, and false imprisonment. *See, e.g., Zurita v. Lombana*, 322 S.W.3d 463 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (intentional infliction of emotional distress); *Plough v. Reynolds*, No. 13-03-741-CV, 2006 WL 328120 (Tex. App.—Corpus Christi-Edinburg 2006, no pet.) (temporary nuisance, trespass, and conversion); *Adler v. Beverly Hills Hosp.*, 594 S.W.2d 153 (Tex. App.—Dallas 1980, no writ) (false imprisonment). The doctrine does not apply, however, to cases of permanent injury to land. *Markwardt*, 325 S.W.3d at 893. No Texas case law exists applying the doctrine to claims of repeat, negligent repairs.

### III. ANALYSIS

ARS argues that Pena's negligence claim is barred by the Texas two-year statute of limitations on such claims. Dkt. 22 at 3. The date of accrual for Pena's cause of action, ARS contends, is May 20, 2010—the day the first allegedly faulty repairs were made. *Id.* at 4; Ex. A at 12. ARS asserts that the lawsuit is therefore over two months late, and Pena cannot prevail because the statue of limitations

has run on his claim. Dkt. 22 at 3. Pena counters that his claim is not barred by the statute of limitations because the correct date of accrual is September 21, 2010—the day the leak was ultimately fixed. Dkt. 23 at 4. The alleged failed attempts to repair the leak represent a continuous tort, Pena asserts, which caused ongoing damage to his home until the leak was remedied. Dkt. 23 at 2-3. He further argues that he was not aware of ARS's negligence until the company accurately diagnosed the source of the leak and fixed it. Dkt. 23 at 3.

The court declines to apply the continuing tort doctrine in this case. Because Texas courts have yet to apply the doctrine to negligent repair lawsuits, and because the Texas Supreme Court has yet to consider the doctrine at all, the court refrains from extending it into this area. Moreover, Pena's argument that he did not know of ARS's alleged negligence until the September repair is unreasonable; his calls to ARS to revisit the same leak demonstrate a clear awareness that ARS's repair efforts were not successfully addressing the problem. The doctrine's established rationale thus does not apply in Pena's case.

Instead, the court follows ample and long-standing Texas case law holding that remedial performance does not toll the statute of limitations. *See, e.g.*, *Walker v. Sears, Roebuck & Co.*, 853 F.2d 355 (5th Cir. 1988) (noting that, under Texas law, unsuccessful repair efforts do not affect the question of limitations); *Pako Corp. v. Thomas*, 855 S.W.2d 215 (Tex. App.—Tyler 1993, no writ) (same); *Muss v. Mercedes-Benz of N. Am., Inc.*, 734 S.W.2d 155 (Tex. App.—Dallas 1987, writ ref'd n.r.e.) (same). Accordingly, the attempted repairs made after May 20, 2010, did not extend the statute of limitations for Pena's lawsuit, and, as a matter of law, his cause of action accrued on that date. Therefore, Pena's claim against ARS fails because it is barred by the statute of limitations.

## IV. Conclusion

Pending before the court is ARS's motion for summary judgment. Dkt. 22. After considering the motion, the response, the summary judgment record, and the applicable law, the motion is GRANTED.

It is so ORDERED.

Signed at Houston, Texas on June 27, 2013.

_____
Gray H. Miller
United States District Judge